Verona Construction Co., Inc. *v.* Lower Merion Township, Appellant.

Argued January 22, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

620

*Edmund B. Spaeth, Jr.*, with him *John E. Forsythe*, Township Solicitor, and *Wright, Spencer, Manning & Sagendorph*, for appellant.

*Justin G. Duryea*, with him *Duryea & Kuen*, for appellee.

OPINION PER CURIAM, March 17, 1964:

The Verona Construction Co., Inc., instituted an action of assumpsit against Lower Merion Township in Montgomery County, to recover a balance claimed to be due as the result of the construction of branch and intercepting sewers and a force main line for the township. Verona collected 90% of the money for the work it performed. Payment of the remaining 10% was withheld by the defendant township on the basis that because of deficiencies in the plaintiff's work another contractor, Abbonizio & Sons, Inc., had to be engaged to complete Verona's work.

The township further claimed that the plaintiff had not furnished a release of liens, had not settled all claims for damages and had not obtained a final written certification from the engineer as required by the contract before final payment could be made.

A stipulation was entered into between the parties whereby (1) the plaintiff's claim was amended from $50,758.48 to $41,072.58 (rounded out to $41,000.); (2) it was agreed that the township had paid Abbonizio $26,453.13 to correct and/or complete plaintiff's work so that if there had been a trial a jury's verdict in favor of plaintiff would have been $41,000 less $26,453.13 or $14,546.87, plus interest of $5,040, or a total verdict of $19,586.87.

The stipulation then provided that "The cause shall forthwith be argued . . . upon the following issues . . .

"Is written acceptance of the plaintiff's [Verona's] work by the Engineer within the terms of the contract a condition precedent to the plaintiff's recovery?

"If so, does the letter of March 20, 1957, fulfill the said condition precedent?"

The issues being so limited, it was not necessary for the court below to introduce the issue of plaintiff's substantial performance and we thus need not make any holding with respect thereto.

Article 14(f) of the contract between the plaintiff and the defendant provided: "(f) Upon completion of all work whatsoever required, the Engineer shall file a written certificate, with the Owner and with the Contractor, as to the entire amount of work performed and compensation earned by the contractor. . . . Within thirty days after the filing of such certificate of completion . . . the Owner shall pay to the Contractor the amount therein stated . . . which [payment] is throughout this contract called the Final Payment."

The plaintiff contends that there was such certification of completion by reason of the Engineer's letter of March 20, 1957, which said:

"Re: Engineer's certificate of completion of sewers and force main under contract No. 3

"Dear Sir [the Township's Manager]:

"We hereby certify the construction of sanitary sewers and force main constructed under contract No. 3 [stating the streets where the sewers were installed] as constructed by Verona Construction Company, Inc. under contract with the Commissioners of Lower Merion Township, dated November 3, 1954, and completed by N. Abbonizio & Sons under Lower Merion Township Purchase Order No. 227 (1956), is completed in accordance with the plans, specifications and contract documents.

"We recommend the Commissioners accept the contract as completed as of March 20, 1957, and incorporate the sanitary sewers and force main constructed under this contract into the sanitary sewer system of Lower Merion Township.

Very truly yours,

s/R. A. F.

For Albright & Friel, Inc."

The defendant maintains that this letter is not a certification of the completion of plaintiff's work but only of Abbonizio's work. We do not agree. A careful reading of the letter leaves no doubt that it constituted an acceptance of the work "as constructed by Verona Construction Company, Inc., under contract with the Commissioners of Lower Merion Township, dated November 3, 1954, and completed by N. Abbonizio & Sons . . .". The work certified is thus not only that of Abbonizio's but of the plaintiff's as well. It expressly recognizes plaintiff's work under the contract, and constitutes a certification of the completion of the entire construction job, including inevitably that portion performed by the plaintiff.

Abbonizio has received payment for that portion of the work referred to in the certification, and the plaintiff is entitled to receive the $19,586.87 which the defendant admitted would be due it if proper certification of the completion of its work was found to exist. Paragraph GC29 of the Standard Specifications made a part of the contract between the parties provides that the Engineer shall examine the entire work after completion, and "If such work is found to comply fully with the requirements of the contract, it will be accepted, and final payment thereof will be made in accordance with the contract." The March 20, 1957 letter certifies the sewers and force main "as constructted by Verona Construction" under the contract in

question, "and completed by N. Abbonizio & Sons" to be "completed in accordance with the plans, specifications and contract documents." The letter recommends acceptance by the Commissioners of the entire work, including that portion performed by plaintiff.

Under all these circumstances there can be no reason in law, logic or justice why the plaintiff should not receive the final payment due it for its work. Since it is agreed that the amounts paid Abbonizio to finish plaintiff's work should be deducted from the amount due plaintiff, the plaintiff is accordingly entitled to $19,586.87, the judgment properly entered by the Court below.

Judgment affirmed.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

I cannot read the engineer's letter of March 20, 1957, as fulfilling the condition precedent of certification of (1) full compliance with the contract, (2) the amount of work performed and (3) the compensation earned by the contractor.

The standard specifications made a part of the contract require a standard of *full compliance* with the requirements of the contract before the engineer can accept the work and thus before final payment can be made. The engineer's letter does not indicate full compliance by Verona. On the contrary, the letter on its face shows that another contractor, Abbonizio & Sons, completed the work.

The contract further requires a written certification ". . . as to the amount of work performed and compensation earned by the contractor. . . ." The engineer's letter did not state the entire amount of work performed by Verona; it did not state the compensation earned by Verona. Therefore, under the terms of the contract, and with no need to look further, the letter of March 20, 1957, is not a certificate entitling

Verona to final payment. So far as Verona's work was concerned, the engineer had certified 90% of it, and the township had paid Verona accordingly before Verona left the job. Verona never completed the last 10%. It refused to. Abbonizio did it. And the letter certified not what Verona had done but what Abbonizio had done, so that Abbonizio, not Verona, could be paid by the township.

The error of logic of the majority is simple: $41,000 was the approximate sum withheld; $29,453.13 was the cost of correction and completion by another contractor; the contract is now complete, therefore award the difference to the original contractor. This ignores Verona's bad faith, gross negligence, and willful refusal to fulfill the whole engagement. It does not take into account the hardship to the township that resulted therefrom, including the fact that the township was not able to use the sewer system until 273 days after the agreed completion date. Hence, the engineer's certificate should not be construed as evidence of the completion of the contract by Verona—a condition precedent to recovery.

Admittedly this condition precedent would not bar recovery if the application of the equitable doctrine of substantial performance, the theory apparently relied upon by the court below, were appropriate.

The law is clear that where the deficiencies in the performance in a contract are mere technical, inadvertent or unimportant omissions or defects, the jury may determine that there was substantial performance. But where, as here, there is a willful refusal to fulfill the whole engagement, then the courts never say that one who makes a contract fills the measure of his duty by less than full performance. *Sgarlat v. Griffith,* 349 Pa. 42, 36 A. 2d 330 (1944). Consequently I would reverse because the engineer did not issue a certificate, which certificate is a condition precedent to recovery;

and since there was no substantial performance by the plaintiff, the absence of the required certificate could not be overcome.

To allow recovery under the circumstances of this case is to allow a contractor the freedom to abandon his contract whenever the economic situation is favorable and yet recover the balance due minus the owner's cost of completion. Thus, assume a situation where a contractor has a month's work due on his present contract. He then gets the opportunity to take on another contract to begin immediately at much more favorable terms. In the majority's view, the contractor is now free to abandon his work on the current contract or rush through to a careless finish and then divert his men and equipment to the more advantageous contract. The contractor loses little thereby. His only possible loss occurs if the cost of completion to the owner exceeds the contractor's cost of completion. Otherwise the contractor abandons with knowledge that he can still recover the amount due him, less the cost of completion, an expense that he would have had to incur in any event. The result would be that the 10% retention clause and the engineer's certificate, which are intended to protect the owner and deter the contractor from just such conduct, are rendered impotent and meaningless.

Mr. Justice JONES joins in this dissenting opinion.